UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRADFORD KIMBLE,

        Plaintiff,

  -against-

RUBIN & ROTHMAN LLC, MARY LACOSTE
and KATHIE RUSSO,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 13-4792

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 09 2015 ★

LONG ISLAND OFFICE

APPEARANCES:

Frank & Associates, P.C.
By: Peter A. Romero, Esq.
500 Bi-County Boulevard
Farmingdale, NY 11735
Attorneys for Plaintiff

Landman Corsi Ballaine & Ford P.C.
By: Rebecca Embry, Esq.
    Jennifer N. Lagadas, Esq.
120 Broadway, 27th Floor
New York, NY 10271-0079
Attorneys for Defendants

WEXLER, District Judge:

      Plaintiff Bradford Kimble ("Kimble" or "Plaintiff") brings this action alleging race discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq.*, 42 U.S.C. § 1981, and New York State Human Rights Executive Law § 296 ("NYSHRL"). Plaintiff also claims he suffered a hostile work environment and was constructively discharged because of Defendants' discrimination. Defendants move for summary judgment.

      The gravamen of Plaintiff's claims are that while working for Defendants, various racial

slurs were used in the workplace, such as "monkey" and "jungle monkey," and that the term "nigga" was used in his presence, as were other comments, such as, "you're so black that even though its Ash Wednesday, I can't see the ashes on your head." Plaintiff claims that even when complaints were made, Defendants disregarded the comments or failed to adequately address them. Plaintiff asserts that after he complained, and after his lawyer sent a letter complaining of the allegedly discriminatory conduct, Defendants retaliated against him by transferring him to another department, which isolated him and relegated him to accounts that were "almost impossible to collect," decreasing his compensation. He claims he suffered a hostile work environment, which was so severe that he suffered severe anxiety and panic attacks, ultimately forcing him to resign.

Defendants move for summary judgment, claiming that many of Plaintiff's claims are time-barred and even if not, fail to state claims. The Court finds that genuine issues of material fact exist in regard to whether, *inter alia*, the alleged racial comments were pursuant to an ongoing policy of discrimination to support Plaintiff's theory that all of his claims are timely based on the "continuing violation exception." Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001).[1] Other factual disputes exist as to whether Plaintiff suffered adverse employment actions to support his discrimination and retaliation claims, and whether the allegedly discriminatory acts were so severe or pervasive to constitute a hostile work environment, or so intolerable that a reasonable person would be forced to resign. Such issues of fact preclude the

---

[1]Defendants argue that Plaintiff is unable to recover for conduct beyond the statute of limitations, for example for conduct occurring 300 days before Plaintiff filed his claim with the EEOC, or more than fours years prior to the filing of §1981 claim. Plaintiff argues these claims are timely because of the "continuing violation exception" and, in any event, evidence on these claims is permissible to establish background. See Plaintiff's Memorandum in Opposition ("Pl. Mem."), at 17-19. The Court will address the admissibility of this evidence, and whether those claims are timely, at the time of trial.

entry of summary judgment at this time. Defendants may renew their arguments at the time of trial.[2]

Accordingly, Defendant's motion for summary judgment is denied. Counsel are reminded that jury selection is scheduled for December 14, 2015 at 9:30am.

SO ORDERED.

s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December 9, 2015

---

[2]Since Title VII does not provide for liability against individuals, to the extent Plaintiff asserts such claims against the individual Defendants, those claims are dismissed. Spilkevitz v. Chase Investment Services Corp., 2009 WL 2762451, at *6 (E.D.N.Y. Aug. 27, 2009). In addition, Plaintiff does not oppose Defendants' motion to dismiss his claim based on the requirement he take a literacy test to become assistant manager in 2008, so that claim is also dismissed. See Pl. Mem., at 1, n.1.